**McCARTHY STEVEDORING CORPORATION et al. v. NORTON, Deputy Compensation Commissioner, et al.**

No. 176.

District Court, E. D. Pennsylvania.

July 28, 1939.

958

See, also, D.C., 40 F.Supp. 960.

Paul H. Ferguson, of Philadelphia, Pa., for plaintiff.

J. Cullen Ganey, U. S. Atty., and J. Barton Rettew, Jr., Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This is a motion to dismiss a bill of complaint in equity.

The complainants are an employer and its insurance carrier: defendants are the Deputy Commissioner for the Third Compensation District of the United States Employees' Compensation Commission, and the employee.

The bill seeks to enjoin the carrying out of an award for compensation made by the Deputy Commissioner under date of January 23, 1939, upon the ground that the Deputy Commissioner erred in making findings of fact and erred in matters of law, including matters of procedure. In essence, this proceeding is an appeal from the award.

Since I am of the opinion that there should be further hearing before the Deputy Commissioner, I shall discuss here only one of the grounds set forth in the bill, that complainants were not afforded the opportunity to cross-examine Dr. C. Howard Moore.

On November 10, 1936, the Deputy Commissioner had issued a compensation order in which he found, inter alia, that the claimant had suffered a permanent partial disability equivalent to sixty-five per cent of loss of the right leg, and had made an award for permanent partial disability of 161.2 weeks.

Upon application on December 14, 1938, by the claimant for a review of the said order and after notice, hearings were held before the Deputy Commissioner on January 3, 1939, and January 18, 1939. At these hearings, written reports of Dr. Moore, an impartial physician called in by the Commission, were put in evidence, Dr. Moore not appearing. On the basis of these medical or orthopedic reports, the Commissioner, in the award here complain-ed of, made a finding that the permanent partial disability amounted to seventy-five per cent of loss of the right leg, and made an award of 186 weeks instead of 161.2 weeks.

As stated, Dr. Moore did not appear at either of the hearings. Counsel for the employer and the insurance carrier objected to the introduction of Dr. Moore's reports, partly on the ground that he was not available for cross-examination. The Deputy Commissioner suggested a meeting with Dr. Moore, but the date was unsuitable for counsel for the carrier. The Deputy Commissioner also suggested a hearing at which Dr. Moore would be summoned at the expense of the carrier; this was rejected as unsatisfactory. There were no further hearings, and Dr. Moore was never cross-examined.

While I think that complainants might have made more energetic attempts to secure Dr. Moore's attendance for purposes of cross-examination than the record reveals, nevertheless I do not think that what they did or failed to do is sufficient to amount to a waiver of the right to cross-examine.

Section 14 (h) of the Longshoremen's and Harbor Workers' Compensation Act, Act of March 4, 1927, c. 509, 44 Stat. 1424, U.S.C.A. Tit. 33, §§ 901–950, provides that the Deputy Commissioner *shall,* where the right to compensation is controverted, "make such investigations, cause such medical examinations to be made, or hold such hearings, and take such further action as he considers will properly protect the rights of all parties."

Crowell v. Benson, 285 U.S. 22, 47, 48, 52 S.Ct. 285, 291, 76 L.Ed. 598, is dispositive of the issue under consideration: "The statute provides for notice and hearing, and an award made without proper notice, or suitable opportunity to be heard, may be attacked and set aside as without validity. The objection is made that, as the deputy commissioner is authorized to prosecute such inquiries as he may consider necessary, the award may be based wholly or partly upon an ex parte investigation and upon unknown sources of information, and that the hearing may be merely a formality. The statute, however, contemplates a public hearing, and regulations are to require 'a record of the hearings and other proceedings before the deputy commissioners.' Section 23(b), 33 U.S.C.A. § 923(b). This implies that all proceedings

by the deputy commissioner upon a particular claim shall be appropriately set forth, and that whatever facts he may ascertain and their sources shall be shown in the record and be open to challenge and opposing evidence. Facts conceivably known to the deputy commissioner, but not put in evidence so as to permit scrutiny and contest, will not support a compensation order. Interstate Commerce Commission v. Louisville & Nashville R. Co., 227 U.S. 88, 93, 33 S.Ct. 185, 57 L.Ed. 431; Chicago Junction Case, 264 U.S. 258, 263, 44 S.Ct. 317, 68 L.Ed. 667; United States v. Abilene & Southern Ry. Co., 265 U.S. 274, 288, 44 S. Ct. 565, 68 L.Ed. 1016. An award not supported by evidence in the record is not in accordance with law. But the fact that the deputy commissioner is not bound by the rules of evidence which would be applicable to trials in court or by technical rules of procedure (section 23(a), 33 U.S.C.A. § 923(a), does not invalidate the proceeding, provided substantial rights of the parties are not infringed. Interstate Commerce Comm. v. Baird, 194 U.S. 25, 44, 24 S.Ct. 563, 48 L.Ed. 860; Interstate Commerce Comm. v. Louisville & Nashville R. Co., supra; Spiller v. Atchison, T. & S. F. Ry. Co., 253 U.S. 117, 131, 40 S.Ct. 466, 64 L.Ed. 810; United States v. Abilene & Southern Ry. Co., supra; Tagg Bros. & Moorehead v. United States, supra [280 U.S. 420], at page 442, 50 S.Ct. 220 [74 L. Ed. 524]." Crowell v. Benson, supra.

■ In the present case, at the hearing before the deputy commissioner on January 3, 1939 (page 8, Notes of Testimony), counsel for the insurance carrier objected to the offer in evidence of Dr. Moore's report on the ground that he did not have an opportunity to cross-examine the doctor or the examiner with relation to the report. At the January 18, 1939, hearing, counsel for the insurance carrier again objected to the admission in evidence of Dr. Moore's written report on the ground that he had not had an opportunity to cross-examine the doctor.

It is clear that under Crowell v. Benson, supra that the deprivation of the cross-examination sought was error.

In Interstate Commerce Comm. v. Louisville & Nashville R. Co., 227 U.S. 88, 33 S. Ct. 185, 57 L.Ed. 431, the Supreme Court interpreted the meaning of the term "hearing" as used in the Interstate Commerce Act. Under the latter Act, as under the Longshoremen's Act, the Commission, in conducting hearings, is not bound by strict rules of evidence. Said the Supreme Court in the Interstate Commerce Comm. v. Louisville & Nashville R. Co. case, 227 U.S. at page 93, 33 S.Ct. at page 187:

"The Government further insists that the commerce act (26 Stat. at L. 743, chap. 128, * * * [49 U.S.C.A. § 12]) requires the Commission to obtain information necessary to enable it to perform the duties and carry out the objects for which it was created; and having been given legislative power to make rates it can act, as could Congress, on such information, and therefore its findings must be presumed to have been supported by such information, even though not formally proved at the hearing. But such a construction would nullify the right to a hearing,—for manifestly there is no hearing when the party does not know what evidence is offered or considered, and is not given an opportunity to test, explain, or refute. The information gathered under the provisions of § 12 may be used as a basis for instituting prosecutions for violations of the law, and for many other purposes, but is not available, as such, in cases where the party is entitled to a hearing. The Commission is an administrative body and, even where it acts in a quasi judicial capacity, is not limited by the strict rules, as to the admissibility of evidence, which prevail in suits between private parties. Interstate Commerce Comm. v. Baird, 194 U.S. 25, 24 S.Ct. 563, 48 L.Ed. 860. *But the more liberal the practice in admitting testimony, the more imperative the obligation to preserve the essential rules of evidence by which rights are asserted or defended.* In such cases the Commissioners cannot act upon their own information, as could jurors in primitive days. *All parties must be fully apprised of the evidence submitted or to be considered, and must be given opportunity to cross-examine witnesses,* to inspect documents, and to offer evidence in explanation or rebuttal. In no other way can a party maintain its rights or make its defense. In no other way can it test the sufficiency of the facts to support the finding; for otherwise, even though it appeared that the order was without evidence, the manifest deficiency could always be explained on the theory that the Commission had before it extraneous, unknown, but presumptively sufficient information to support the finding." (Italics supplied.)

■ The ruling in the case just cited, that "All parties must be fully apprised of

960

the evidence submitted or to be considered, and must be given opportunity to cross-examine witnesses, \* \* \*" demonstrates beyond any question the right of cross-examination of Dr. Moore. The language quoted also makes it clear that the opportunity for cross-examination is one that should be afforded to the party entitled to it rather than that the latter should be compelled to expend money or effort in obtaining the opportunity.

Dr. Moore's written report constituted a most important piece of evidence. On general principles of jurisdiction opportunity should be granted for cross-examination of a witness whose testimony is treated as material. The record in this case shows that there was objection made in the two instances cited against the admission of Dr. Moore's report without cross-examination.

For the reasons stated, I am compelled to deny the motion to dismiss the bill of complaint.

It would seem highly desirable in the interest of expedition that a hearing be arranged at which the plaintiffs in this proceeding may be afforded the opportunity to cross-examine Dr. Moore without expense to them; proceedings here to be stayed for a reasonable time to permit the holding of such a hearing and thereafter to be resumed upon the filing, in this cause, of the record of any further proceedings had as herein suggested.

I therefore make the following order:

And now, to wit, the 28th day of July, 1939, the motion to dismiss is denied, without prejudice to the right of the defendants in this cause, or either of them, to file a similar motion after proceedings have been had before the Deputy Commissioner as suggested in the body of this opinion.