McCARTHY STEVEDORING CORPORA-
TION et al. v. NORTON, Deputy Compensation Commissioner et al.

No. 176.

District Court, E. D. Pennsylvania.

March 8, 1940.

Paul H. Ferguson, of Philadelphia, Pa., for plaintiff.

J. Cullen Ganey, U. S. Atty., and J. Barton Rettew, Jr., Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This is a motion to dismiss a bill of complaint in equity.

The complainants are an employer and its insurance carrier; defendants are the Deputy Commissioner for the Third Compensation District of the United States Employees' Compensation Commission, and the employee.

The bill seeks to enjoin the carrying out of an award for compensation made by the Deputy Commissioner under date of January 23, 1939, upon the ground that the Deputy Commissioner erred in making findings of fact and erred in matters of law, including matters of procedure. In essence, this proceeding is an appeal from the award.

On November 10, 1936, the Deputy Commissioner had issued a compensation order in which he found, inter alia, that the claimant had suffered a permanent partial disability equivalent to sixty-five per cent of loss of the right leg, and had made an award for permanent partial disability of 161.2 weeks.

Upon application on December 14, 1938, by the claimant, for a review of the said order, and after notice, hearings were held before the Deputy Commissioner on January 3, 1939, and January 18, 1939. At these hearings, written reports of Dr. Moore, an impartial physician called in by the Commission, were put in evidence, Dr. Moore not appearing. On the basis of these medical or orthopedic reports, the Commissioner, in the award here complained of, made a finding that the permanent partial disability amounted to seventy-five per cent of loss of the right leg, and made an award of 186 weeks instead of 161.2 weeks.

The above statements are taken from the opinion I filed in this case on July 28, 1939, 40 F.Supp. 957, at which time I denied the motion to dismiss, without prejudice to renew it after complainants herein had been given an opportunity to cross-examine Dr. Moore. This has been done, and in effect the original motion is before me once again, with the question of the right to cross-examine Dr. Moore eliminated.

The basis of the complaint now is the award and findings of fact of the Deputy Commissioner made under date of January 23, 1939, and reading as follows:

### Findings of Fact.

"That on November 10, 1936, the deputy commissioner issued a compensation order in which he found that the temporary total disability of claimant terminated October 12, 1936, and that he had suffered a permanent partial disability equivalent to 65% of loss of the right leg; that in said order the deputy commissioner made an award for permanent partial disability of 161.2 weeks, at $13.00 per week, beginning October 13, 1936; that compensation has been paid currently under said order, except insofar as a small amount of recently accrued compensation has been withheld at claimant's request and for his convenience;

"That on December 14, 1938, claimant made application for a review of his case and adjustment of the findings and award; that no improvement in motion of claimant's right knee has been brought about by lapse of time; that, from X-ray findings, the abnormal or diseased condition of said knee resulting from the accident has progressed; that the deputy commissioner made a mistake in a finding of fact as to the degree of permanent partial disability; that there is a permanent partial disability equivalent to 75% of such disability as he would have sustained if he had lost his right leg; that 75% of 248 weeks is 186 weeks; that the period of 186 weeks, beginning October 13, 1936, terminates May 6, 1940; that the total amount of compensation for permanent partial disability, beginning October 13, 1936, amounts to $2418.00.

"Upon the foregoing facts the deputy commissioner makes the following:

### "Award

"That the employer, McCarthy Stevedoring Corporation, and the insurance carrier, Pennsylvania Manufacturers' Association Casualty Insurance Company, shall pay to the claimant compensation as follows:

962

"Continuing compensation at Thirteen Dollars ($13.00) per week from October 13, 1936, to May 6, 1940, or until a total of 186 weeks and $2418.00 has been paid as compensation subsequent to said October 13, 1936."

The plaintiffs now assert that the Deputy Commissioner erred in

(a) finding that he had made a mistake in a finding of fact as to the degree of permanent partial disability suffered by the claimant as a result of the accidental injuries sustained on August 7, 1934;

(b) finding that there had been a change in the claimant's condition since the order dated November 10, 1936;

(c) amending the order of November 10, 1936 so as to provide that the claimant's permanent partial disability was equivalent to seventy-five per cent of the disability he would have sustained had he lost his right leg.

In a sense, the third of the alleged errors embraces the first two. There was competent evidence from Dr. Moore upon which the Deputy Commissioner could have found that the disability was seventy-five per cent: wherefore, on that ground alone, this Court will not disturb such finding. Errors most strongly urged by the plaintiffs are that there was nothing upon which the Deputy Commissioner could base a finding (a) that he had formerly made a mistake in a finding of fact; and (b) that there had been a change in the claimant's condition since the prior order.

Section 22 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U. S.C.A. § 922, under the provisions of which the order was made, provides that "* * * on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may * * * review a compensation case * * * and * * * issue a new compensation order which may * * * increase * * * such compensation * * *."

It is evident, therefore, that a review followed by an award for increased compensation is justified if either one of two conditions precedent exists: either a change in conditions or a mistake in a determination of fact by a Deputy Commissioner. If either is found to have existed in this case, then the motion to dismiss the bill of complaint should be granted.

There is no doubt in my mind that the record supports the Deputy Commissioner's finding that he had made a mistake in a prior determination of fact: wherefore his finding to that effect on January 23, 1939, was justified and should not be disturbed here.

Dr. Moore's report received in evidence at the hearing on January 18, 1939 stated: "I am of the opinion that the disability of John J. Ryan amounts to seventy-five per cent of the loss of the leg. This opinion is based upon his condition as revealed at the time of my examination on 12/19/38."

Under cross-examination, on September 25, 1939, Dr. Moore testified:

"Q. I show you a letter addressed to the Pennsylvania Manufacturers Association, dated October 14, 1936, in which you have indicated you estimate that the Claimant's disability amounts to what you have estimated at between sixty and seventy-five per cent? A. Yes, sir.

"Q. Is that still your opinion? A. That is still my opinion, yes, sir, but having had two more years knowledge of the case since that report was written, I am more inclined to believe the higher figure than the lower figure at this time."

&ast; &ast; &ast; &ast; &ast;

"Q. Doctor, an estimate as to the percentage of disability which an individual suffers is purely a matter of opinion, isn't it? A. Yes, sir, the opinion being based upon what type of work the man is mentally equipped to perform with his physical condition."

Based on this cross-examination, the plaintiffs, opposing the motion to dismiss, argue that "a finding as to the degree of permanent partial disability is not a fact but is at best an approximation or estimate based on the underlying facts and circumstances. It is in reality an opinion and is not a matter determinable with mathematical precision."

I am compelled to disagree with this analysis.

Facts exist whether they are measurable by the human intellect with mathematical precision or not. The distance from the earth to the star Arcturus at any particular time is a fact, and it is a precise mathematical figure. That our instruments or senses, or both, are not sufficiently accurate or keen to determine the fact is another matter. Were this distance to become a material phase in a judicial inquiry, the

evidence of experts thereupon would doubtless be accepted, and a finding by a Court or other proper body as to that distance would stand for the fact, despite a conviction that the finding doubtless did not correspond exactly to the actual distance. Except in the realm of pure mathematics, no facts involving distances or amounts are susceptible of precise determination. We do the best we can with the facilities available to us. Thus, in cases involving automobile accidents, decisions are based upon distances estimated by nonexperts; often the witness must base his estimate upon a fleeting glance; and yet the facts as to those distances are properly made the basis of judicial opinion. The law recognizes the virtual impossibility, in many cases, of determining facts of this nature with precision; but the judicial officer or fact-finding body has a duty to make a fact-finding nevertheless, to the best of his ability, with the means at his command or at the command of the witnesses.

The plaintiffs' argument really reduces itself to this: that where a material issue of fact is brought before the Deputy Commissioner, he can make no finding thereupon unless he can determine the essential elements of the fact with mathematical precision. Most inquiries of this nature would be futile if such were the law.

The task may be difficult, but the duty to make the fact-finding exists nevertheless. The plaintiff's argument really defeats itself. A finding of a disability of sixty-five per cent contains the same margin of error as a finding of seventy-five per cent. What warrant, therefore, have the plaintiffs for insisting upon a sixty-five per cent finding as the correct one, when both findings are open to the same philosophical objection?

The plaintiffs elaborate their contention by arguing that the former fact finding of a sixty-five per cent disability was, because of the necessary lack of mathematical accuracy, merely an "opinion" of the Deputy Commissioner, not a "fact"; and that a mistake in this opinion is therefore not a mistake of fact within the purview of the statute, and does not form a basis for review. It seems to me, however, that the possibility of error in such "opinion" of the Deputy Commissioner must have played a large part in the de-termination of Congress to include the provision for review in the Longshoremen's Act. Moreover, the finding of fact is not an "opinion". It may be *based* on an opinion, but it is a finding of fact nevertheless.

■ It is well settled that the Deputy Commissioner is not bound to accept the opinion or theory of any particular medical examiner, but may rely upon his own observation and judgment in conjunction with the evidence. Booth et al. v. Monahan, Deputy Commissioner, D.C., 56 F.2d 168, 169. In the latter case the court specifically ruled that: "The Deputy Commissioner has a right to disregard the percentage figures given by any of the doctors and to use his own judgment * * * and that judgment, when based upon evidence such as found here, is conclusive, and cannot be disturbed by this court, even if a judge would come to a different conclusion on the same evidence. It is highly probable that half a dozen persons hearing the same evidence would all have used different figures in describing the percentage of the impairment, which shows the necessity of having the judgment of some one person conclusive; *and in these cases the statute has designated the Deputy Commissioner as that person.*" (Italics supplied.)

■ I conclude, therefore, that the record supports the Deputy Commissioner's finding that he had made a mistake in the former award, and that he was justified in reviewing the case under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, and in thereafter increasing compensation.

■ The findings of fact of the Deputy Commissioner are supported by competent evidence, and under Del Vecchio v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229, must be regarded as final and conclusive by this Court and not subject to judicial review. See, also, Voehl v. Indemnity Insurance Co. of North America, 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245; Crowell, Deputy Commissioner v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598; Jules C. L'Hote et al. v. Crowell, Deputy Commissioner, 286 U.S. 528, 52 S. Ct. 499, 76 L.Ed. 1270; Pacific Employers' Insurance Co. v. Pillsbury, Deputy Commissioner, 9 Cir., 61 F.2d 101; Lumber Mutual Casualty Insurance Co. of New York v. Locke, Deputy Commissioner, 2

Cir., 60 F.2d 35; Independent Pier Co. v. Norton, Deputy Commissioner, 3 Cir., 54 F.2d 734.

It is unnecessary, in view of what has already been stated, to discuss the question whether there was a "change in condition".

Another contention advanced by the plaintiffs, that the award based upon the finding of sixty-five per cent disability became res adjudicata, is without merit. The case was reviewed within "one year after the date of the last payment of compensation", and was therefore proper under Section 22 of the Longshoremen's Act, supra.

And now, to wit, this eighth day of March, 1940, the bill of complaint is dismissed.