238 P.2d 1141

**Application of TRANS–NORTHWEST GAS, Inc.**

No. 7736.

Supreme Court of Idaho.

Dec. 19, 1951.

216

Charles E. Horning and Eugene F. Mc‑
Cann, Wallace, and Arthur G. Logan, Wil‑
mington, Del., for appellant.

Wm. S. Hawkins, Coeur d'Alene, for re-spondent, Trans-Northwest Gas, Inc.

Robert E. Smylie, Atty. Gen., for Public Utilities Commission.

KEETON, Justice.

Trans-Northwest Gas, Inc., a corporation, hereinafter referred to as the applicant, on June 9, 1950, filed (Case No. F–1474) with the Idaho Public Utilities Commission, hereinafter referred to as the Commission, an application praying that it be granted a certificate of public convenience and necessity permitting it to transport and distribute in Idaho natural gas to be imported from the Dominion of Canada. A part of the prayer of the petition is as follows: "* * * applicant prays that the Public Utilities Commission * * * subject to such terms and conditions as in the judgment of the Commission and public Convenience and Necessity may require, and that such Certificate grant to this applicant the exclusive right to construct and maintain trunk and lateral lines for the transportation and distribution of natural gas from the Dominion of Canada into, throughout, and across the State of Idaho, * * *".

Petitions to intervene and oppose the granting of the certificate applied for were filed by Northwest Natural Gas Co., a corporation, and various other corporations and groups. The matter was heard at Coeur d'Alene in August, 1950. At the

opening of the hearing protestants moved to dismiss the application claiming the Public Utilities Commission had no jurisdiction, contending that it was an attempt to transport gas in interstate commerce and such a matter was under the control of the Federal Power Commission. The motion was denied.

At the conclusion of the testimony the motion was renewed with further objections that the application is premature and a matter not within the power of the Commission to grant. President Joy of the Commission, after the making of the motions and argument thereon, stated as follows:

"President Joy: At this time, I will state on behalf of the Commission, that the ruling on your first motion, Mr. Horning, taking that first, with reference to the motions you have made heretofore, will be the same as made at that time, *that decision on those motions will be deferred for the time being.* (Emphasis supplied.)

"The same will be true with regard to your last motion to dismiss, with reference to Rule No. 6.

"As to Counsel White's motion to dismiss on jurisdictional grounds, and on the ground of prematurity, etc., decision on that motion will also be deferred."

Quoting further from the transcript:.

"Mr. Horning: Just one question, if the Commission please. Is it the Commission's wish that we submit briefs?

"Mr. Smylie: Will intervenor have any testimony that they desire to put in, Mr. Horning?

"Mr. Horning: At this time?

"Mr. Smylie: Or at a later time?

"Mr. Horning: Not in connection with this proceeding.

"Mr. Smylie: That is what I meant, in this proceeding.

"Mr. Horning: We will in support of our own application.

"Mr. White: We are resting our motions, sir, but in the event the Commission might set the matter for further hearing, or something, under the same docket number, of course we wouldn't want to be foreclosed there. In other words, frankly it is our present position that there is nothing in the record to answer, and if there are further proceedings and, in our opinion, at that time there is something to answer, we would want the opportunity to do so.

"Mr. Smylie: But you have no evidence to submit right now?

"Mr. White: No.

"President Joy: I take it then, or the Commission takes it, that there is no present disposition to request the privilege of filing briefs as at the present time. Is that correct?

"Mr. White: Yes.

"President Joy: Then the Commission wishes to announce *that the record in this matter will be held open, and hearing recessed until a time to be determined by the Commission,* subject to further order of the Commission." (Emphasis supplied.)

Thereafter, without the taking of any further testimony and without any former ruling by the Commission on the matters in support of the motion to dismiss submitted, and without notice to the protestants, or any of them, the Commission made an order dated October 3, 1950 (#2054) granting the application. A part of the order is as follows:

"The applicant presented both oral and documentary evidence in support of its application, at the conclusion of which the Commission announced *that this matter would be held open, and the hearing recessed until a time to be determined by the Commission, * * ** (Emphasis supplied.)

"No evidence was offered by any of the protestants or intervenors in support of any protest or intervention;

"It is hereby ordered that the motions to dismiss by Northwest Natural Gas Company, Citizens Utilities Company, Utah Coal Operators Association and United Mine Workers of America and the Western Railroads named in Petition for Intervention and Portland Gas and Coke Company, Seattle Gas Company, Spokane Gas Company, Bellingham Gas Company, and Wenatchee Gas Company, and Idaho Coal Dealers Association, be, and they are denied.

It is further ordered that the record is hereby closed and the matter is submitted to the entire Commission on the record.

&ast; &ast; &ast; &ast; &ast; &ast;

"Now, therefore, It Is Hereby Ordered that the present and future public convenience and necessity of Idaho requires the issuance to Trans-Northwest Gas, Inc., applicant herein a Certificate of Convenience and Necessity granting to applicant the right to construct and maintain trunk and lateral lines for the transportation and distribution of natural gas into, throughout and across the State of Idaho."

Pending before the Commission at the time of the hearing and when this order was made was a second application for a certificate of public convenience and necessity by the Northwest Natural Gas Company, hereinafter referred to as the Company. This Company filed a petition for rehearing and reconsideration. Among the grounds specified in the petition for rehearing and reconsideration was that the order granting the applicant a certificate of public convenience and necessity was made and entered without any order having been made by said Commission reopening the hearing or hearings herein, or without any notice by mail or otherwise to the petitioner, and in violation of the procedure which the Commission had announced in open court that it would follow. The procedure referred to by the Company was a statement by the President of the Commission at the conclusion of the evidence above quoted.

The petition for rehearing and reconsideration was denied.

From the order granting the applicant certificate of public convenience and necessity and from the order denying the peti-

tion for *rehearing* and *reconsideration* the Company appealed.

In assignment of errors the Company asserts that the order granting the certificate was signed and entered contrary to the intention of the Commission announced in open court to hold the matter open and to recess the hearing until a time to be determined by the Commission, and subject to further orders of the Commission, and it was definitely and expressly understood between the Commission and the appellant that the matter would be held open and no order made until the Company would be given an opportunity to be heard.

The petition of the Company pending before the Commission at the time of the hearing was in the nature of a plea in avoidance of the facts set forth in the applicant's application, i. e. there were pending before the Commission at that time two applications for certificates of convenience and necessity for the same purpose.

At the conclusion of the hearing, the Commission took under advisement motions and matters which it had not formerly passed on, and the President of the Commission specifically stated:

" * * * that decision on those motions will be deferred for the time being.

"The same will be true with regard to your last motion to dismiss with reference to Rule No. 6.

"As to Counsel White's motion to dismiss on jurisdictional grounds, and on the ground of prematurity, etc., a decision on that motion will also be deferred."

Counsel representing the various protestants specifically declined to offer any testimony at the conclusion of the hearing on the applicant's petition on the ground that the facts proved, so protestants contended, did not entitle the applicant to a certificate of convenience and necessity, and it was stated by Mr. Horning that his clients desired to submit evidence in support of the second application (that of the Company) and President Joy again stated: "Then the Commission wishes to announce that the record in this matter *will be held open* and hearing recessed until a time to be determined by the Commission * * ". (Emphasis supplied.) If the statement of Mr. Joy meant anything, it seems clear there is no interpretation to place upon it except that no order would be entered granting the certificate without giving the applicant and other intervenors a further opportunity to be heard, and it must be apparent to anyone reading the record that the matter was not submitted to the Commission for final determination, and further proceedings were contemplated by the Commission, the Company and the protestants.

Without ruling on the motions then before the Commission and without giving the Company or the other protestants any opportunity to be heard further, the Commission entered the order in controversy here.

It seems plain, from an examination of the record, that at the conclusion of the evidence submitted by the applicant, should the motions and law matters presented and then pending be decided adversely to the Company and/or the other protestants, they would all be so notified and given an opportunity to submit evidence should they desire so to do, and to be heard further on the matters pending.

In the order granting the certificate of convenience and necessity, the Commission said: "It is Further Ordered that the record is hereby closed and the matter is submitted to the entire Commission on the record." This statement is in direct conflict with the colloquy and the ruling made when the applicant rested its case.

The primary consideration to be determined here is not the interest of the applicant or the interest of the Company, but is the rights and interest of the people of the State and the question whether the certificate of necessity should or should not be granted should be determined in the interest of the general public. People v. Willcox, 207 N.Y. 86, 100 N.E. 705, 45 L.R.A.,N.S., 629; Oro Electric Corp. v. Railroad Comm., 169 Cal. 466, 147 P. 118, McFayden v. Public Utilities Consolidated Corp., 50 Idaho 651, 299 P. 671; 73 C.J.S., Public Utilities, § 42, p. 1098. The mere fact that the granting of such a certificate would be of convenience to, or work to the advantage of the promoters of the proposed enterprise, is not alone sufficient to justify the issuance of such certificate. In matters of this kind the public has a first interest in the proceedings and judgment against the people should not be entered without a full and complete hearing of the controversy; and the public interest can only be protected by first hearing all the evidence and all the parties that wish to be heard.

Other matters assigned as error and submitted by the record require but brief mention.

The powers of the Commission are limited to Idaho, and by statute, Sections 61–528, 61–526, 61–501, 61–520, 61–116 and 61–117, I.C., the Commission is given jurisdiction of the controversy.

Whether or not the applicant, or any applicant, should be required to get a certificate of convenience and necessity from the Federal Power Commission is not before us for determination. We see no conflict in jurisdiction in this regard. The fact that the applicant, or any applicant, now, or at some future time, might desire to extend its operations into territories not coming within the jurisdiction of the Commission, is a matter with which the Commission is not now concerned. We conclude the Commission had jurisdiction of the subject matter and of the parties. Sections 61–501, 61–528, 61–520, 61–116 and 61–117, I.C.; McFayden v. Public Utilities Consolidated Corp., supra.

222

■ Even though the applicant might be required to secure a certificate of necessity from the Federal Power Commission to bring natural gas into the State, it does not follow that the application before the Commission is premature. In re Wisconsin Southern Gas Co., 45 P.U.R., N.S., 1942, page 11.

Objections are made by the Company that the rules of the Commission requiring certain data to be furnished were not complied with.

■ Rules of the Commission may, in certain instances, be waived. McFayden v. Public Utilities Consolidated Corp., supra. Where the interest of the public is concerned, and by enforcement of the Commission's rules, the public interest will be protected, the rules of the Commission should be complied with. Judgment should not be, in effect, taken against the public interest by default.

■ We conclude that the order made in this proceedings granting applicant a blanket franchise covering the entire state, without a full hearing and without giving the other interested persons an opportunity to be heard is erroneous. The orders appealed from are reversed, with instructions to the Commission to grant the Company, the applicant and others interested a rehearing and reconsideration.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.