296 P.2d 459

Matter of the Investigation of Motor Carrier Operations of ARROW TRANSPORTATION COMPANY, PORTLAND, OREGON.

No. 8408.

Supreme Court of Idaho.

April 20, 1956.

Wm. P. Ellis, Portland, Or., Maurice H. Greene, Boise, for appellant.

Graydon W. Smith, Atty. Gen., Kenneth G. Bergquist, Asst. Atty. Gen., for respondent.

PER CURIAM.

The Arrow Transportation Company appealed from certain orders of the Public Utilities Commission, by notice filed December 1, 1955. On January 25, 1956, appellant deposited $300 with the secretary of the commission in lieu of an undertaking on appeal. The respondent Public Utilities Commission has moved to dismiss the

appeal on the ground that no undertaking was filed or deposit of money made at the time of filing the notice of appeal or within five days thereafter, as required by § 13–202, I.C. This section is one of the provisions of the code of civil procedure, governing appeals from the district courts to the supreme court in civil actions. Chapter 6 of Title 61, I.C., provides procedure before the commission and for appeals therefrom to this court. Section 61–632 thereof is:

"The provisions of the code of civil procedure relative to appeals from the district court, except in and so far as they are inconsistent herewith, shall apply to appeals from orders of the public utilities commission." § 61–632, I.C.

In resisting the motion, appellant contends that no appeal bond is required in an appeal from an order of the commission, because none is required by Chapter 6, Title 61, supra, and for that reason urges that § 13–202, I.C., requiring a bond on an appeal from the district court, is inconsistent with the requirements of Chapter 6, Title 61.

We see no inconsistency and hold that the bond provided for in § 13–202 is required in an appeal from an order of the Public Utilities Commission by virtue of § 61–632.

No bond having been filed or deposited within the time limited, the appeal is dismissed. Marine Mart v. Kruger, 75 Idaho 345, 272 P.2d 307; Farmers Equipment Co. v. Clinger, 70 Idaho 501, 222 P.2d 1077; Jordan v. Jordan, 75 Idaho 512, 275 P.2d 669.