308 P.2d 593

Application of the KOOTENAI NATURAL GAS COMPANY, an Idaho Corporation, for a Certificate of Convenience and Necessity.

No. 8481.

Supreme Court of Idaho.

March 14, 1957.

622

Stephen Bistline, Sandpoint, Jack R. Dean and William H. Williams, Spokane, Wash., Jess B. Hawley, Jr., and John T. Hawley, Boise, for appellant Panhandle Gas Co.

Graydon W. Smith, Atty. Gen., and Kenneth B. Bergquist, Asst. Atty. Gen., for Public Utilities Commission.

Hawkins & Miller, Coeur d'Alene, for respondent Kootenai Natural Gas Co.

William McFarland, Coeur d'Alene, for City of Coeur d'Alene.

TAYLOR, Justice.

Kootenai Natural Gas Company (respondent) was incorporated under the laws of this state December 2, 1952. January 19, 1953, respondent obtained from the city of Coeur d'Alene a twenty-five-year franchise, amended September 5, 1953, to extend the term of the franchise to fifty years. The great majority of the potential consumers of natural gas in Kootenai County are residents of the city of Coeur d'Alene. February 18, 1953, respondent filed its application with the public utilities commission for a certificate of convenience and necessity, to construct, maintain and operate a natural gas distribution system in Kootenai County.

Subsequent to its incorporation, the respondent caused extensive surveys to be made, by a competent engineering firm, of the economic feasibility and the demand for natural gas in Kootenai County. It also had the benefit of similar surveys made prior to its incorporation. See Application of Trans-Northwest Gas, 72 Idaho 215, 238 P.2d 1141.

Pending pipeline litigation before the federal power commission, and determination of availability of natural gas for use in northern Idaho, respondent's application remained dormant. After the conclusion of such litigation and under date of June 8, 1955, respondent entered into a contract with the Pacific Northwest Pipeline Corporation for delivery to it of gas for distribution in Kootenai County. Upon the basis of that contract and the showing of economic feasibility made by respondent, the federal power commission granted the application of the pipeline corporation to extend its line from Spokane to Coeur d'Alene. On this phase the commission found:

"Had it not been for the efforts and contracts of Kootenai and its incorporators natural gas would not be available for distribution in Kootenai County, Idaho and particularly the city of Coeur d'Alene at this time."

February 2, 1956, the public utilities commission gave notice that it would hear respondent's application at Coeur d'Alene March 13, 1956. March 12, 1956, appellant, Panhandle Gas Company, filed its petition to intervene with objections to application of respondent, and an application for a certificate in its own behalf.

At the hearing held March 13, 14 and 15, 1956, the respondent made a showing of the economic feasibility of its proposed gas service, prepared from the aforementioned surveys; produced its articles of incorporation, the two ordinances of the city of Coeur d'Alene granting the fifty-year franchise, and ordinance No. 1032, dated March 5, 1956, amending the two previous ordinances. It also submitted the testimony of its president; of the mayor of the city of Coeur d'Alene; of Kenneth E. Graff, a qualified

expert in designing, engineering, installing and inspecting of natural gas distribution systems; and of Nathan Gellert, president of the Spokane Natural Gas Company, who has had extensive managerial experience in natural gas distribution.

Appellant appeared at the hearing by counsel, was recognized as an intervenor objecting to the respondent's application, and extensively cross-examined respondent's witnesses. At the close of respondent's showing, appellant was invited by the commission to produce whatever showing it would make in opposition; whereupon appellant advised the commission that it had no showing to make at that time, and moved for a continuance of six weeks to two months to give it an opportunity to prepare and present a showing in support of its application. The motion for continuance was objected to by respondent and by the city of Coeur d'Alene. The commission, through its counsel, suggested that appellant offer some showing in support of its motion, which would assure the commission of its good faith and that it would be prepared to make a substantial showing in support of its application, if the continuance were granted. Appellant declined to offer any such showing and rested the issue upon the statement of its counsel that if given the requested time it would be prepared to make an ample showing. In his objection to the continuance, the attorney for the city of Coeur d'Alene said:

"* * * the city feels that before the Commission should give any serious consideration to the wishes of the intervenor to postpone the hearing, it should appear to them that by postponing this hearing they have a reasonable chance of forming a corporation that is capable of going into this kind of work."

"Now, if the Commission please, we made our position plain, but I will make it again for the benefit of Mr. Bistline. The city is interested only in getting gas here quickly and under the most economical conditions for its citizens. Let that be plainly understood."

"We think that when they come in and ask for a postponement of this that they should leave with you an impression that there is more than an even chance that they can form such a corporation and finance it so that we will get gas here in Coeur d'Alene, which is all we want."

The commission denied the motion for continuance and, upon making the ruling, commissioner Beamer stated to appellant's counsel:

"I might add that you have neglected to give us anything tangible to support your request for additional time."

Whereupon, the issue as to respondent's application was taken under advisement and thereafter, April 23, 1956, the commission entered its order granting certificate

to respondent. From this order and the further order of May 11, 1956, denying rehearing, the appellant brought this appeal.

■ The first contention of appellant is that the evidence is not sufficient to justify the issuance of certificate to respondent. The record reveals that respondent is an Idaho corporation with outstanding capital limited to the qualifying shares of its incorporators. In support of its financial ability, respondent relies upon a contract which it has with the Spokane Natural Gas Company, of Spokane, Washington, by the terms of which it is agreed that respondent will transfer its rights under the certificate, and the franchise from the city of Coeur d'Alene, to the Spokane Natural Gas Company, of Spokane, Washington, for shares of stock in the Spokane company, and in return the latter agrees to construct, maintain and operate the gas distribution system proposed by respondent in Kootenai County, Idaho. It is shown that Spokane is the metropolitan commercial and trade center for the area, including Kootenai County; that because of the greater size and importance of the Spokane gas business and market, that company can and has obtained financial and engineering backing not comparably available to a comparatively small local operation; that it can obtain the needed capital at a cheaper rate; and can, through quantity purchases, obtain the necessary materials and supplies to install the system, at less cost than

could the local project, with a consequent saving of capital investment; that these savings in capital investment would inure to the benefit of consumers in Kootenai County, assuring them cheaper rates than could be achieved by a more costly local installation.

Appellant complains of this agreement with the Spokane Company, characterizing it as a sell-out, detrimental to Idaho consumers and investors, and secretly contrived without the knowledge of the people or the commission. None of these contentions are supported by the record. The commission was previously fully advised of the proposed plan. At repeated meetings between officers of respondent and of the Spokane company, with the city council, members thereof, and other city officials, and through newspaper publicity, the city and the inhabitants of the area were fully advised of the contemplated plan. Two different city administrations approved the proposed project by ordinances granting a franchise to respondent, with full knowledge of the plan to join the project with that of the Spokane company.

■ Appellant cites Application of Intermountain Gas Company, 77 Idaho 188, 289 P.2d 933, in support of its contention that the commission should have preferred a locally owned and operated system. In that case we said in effect that such local ownership and control would be an economic advantage to the state and facilitate fu-

ture regulation by the commission. There, however, both applicants were proposing an operation of sufficient magnitude to attract the necessary capital at a favorable rate. Local ownership and control is a proper factor to be considered by the commission, and to be preferred where other considerations are in equipoise. Here, however, the showing is that the economic advantage to the consumers in Kootenai County lies in the plan proposed by respondent.

■ In the Intermountain case the applicant, which had been longest in the field and which had spent considerable money and effort to help bring gas to the state and in preparing a detailed and feasible plan of distribution, was favored against one which had been more recently organized and had hastily prepared its proposal. Priority and extent of the preparation are also proper factors to be considered by the commission, other considerations being equal. In re Wilcox (Idaho) P.U.R.1916C, 35; State ex rel. United Auto Transp. Co. v. Department of Public Works, 129 Wash. 5, 223 P. 1048.

Appellant contends that its application having been filed, the commission should not have granted a certificate to respondent until appellant's application had been heard, citing Application of Trans-Northwest Gas, 72 Idaho 215, 238 P.2d 1141, 1145. In that case the court, speaking through Mr. Justice Keeton, said:

"In matters of this kind the public has a first interest in the proceedings and judgment against the people should not be entered without a full and complete hearing of the controversy; and the public interest can only be protected by first hearing all the evidence and all the parties that wish to be heard." 72 Idaho at 221.

■■ That proposition is fundamental. We do not in any way depart from it herein. The public interest is the paramount consideration of the commission, and is, no doubt, generally best served by a full hearing of all interested parties. But here, the appellant, faced with an invitation by the commission to make a showing which would justify a continuance, and a demand by the spokesman for the people to be served that no continuance be granted without assurance of a better proposal, failed to make any showing to warrant the commission in further delaying this service to the community.

No additional showing was made by appellant in support of its petition for rehearing.

The orders are affirmed, with costs to respondent.

KEETON, C. J., and PORTER, SMITH and McQUADE, JJ., concur.