351 P.2d 487

Application of CITIZENS UTILITIES COMPANY, a corporation, for a Certificate of Convenience and Necessity.

Application of SHOSHONE NATURAL GAS COMPANY, an Idaho Corporation, for a Certificate of Convenience and Necessity.

No. 8757.

Supreme Court of Idaho.

April 1, 1960.

Chas. E. Horning and Eugene F. Mc-Cann, Wallace, Gallop, Climenko & Gould and Arthur S. Friedman, New York City, for Citizens Utilities Co.

Wm. S. Hawkins, Hawkins & Miller, Coeur d'Alene, and H. J. Hull & Sons, Wallace, for Shoshone Natural Gas Co.

Robert J. Fanning, Wallace, for Board of County Com'rs, Shoshone County.

Richard Magnuson, Wallace, for City of Wallace.

Frank L. Benson, Atty. Gen., and B. James Koehler, Asst. Atty. Gen., for Public Utilities Commission.

TAYLOR, Chief Justice.

The appellants, Citizens Utilities Company and Shoshone Natural Gas Company, each filed with the Public Utilities Commission its petition for certificate of convenience and necessity authorizing the retail distribution and sale of natural gas in Shoshone county. The territory to be served was substantially the same in each application and includes the municipalities of Kellogg, Wallace, Mullan, Pinehurst, Smelterville, Wardner, Silverton, Burke, Polaris, Osburn, and Woodland Park.

The Pacific Northwest Pipeline Corporation has installed a pipeline from Coeur d'Alene to Kellogg, where it serves an industrial user. Each applicant represented to the commission that it had an understanding or contract with the pipeline corporation to extend the pipeline through Wallace to Mullan. Such extension would enable the applicant to provide service to the communities east of Kellogg. Hearings were had before the commission at Wallace, May 24 through 29, 1957, and at Boise, September 23 through 25, 1957.

Thereafter the commission or a member thereof had correspondence and conversa-

tions with the president of the Pacific Northwest Pipeline Corporation. The commission by this means was advised that the pipeline corporation did not intend to extend its line east from Kellogg.

The commission then entered its order reopening the proceedings and held a further hearing at Boise, June 18, 1958. At this hearing the president of the commission became a witness and testified to the correspondence and conversations had with the president of the pipeline corporation, and the correspondence was admitted in evidence. At the close of the hearing of June 18, 1958, the commission gave the applicants ten days time in which to advise the commission whether they or either of them desired to present further evidence or showing in response to the new evidence presented by the commission's staff. Neither applicant chose to offer further evidence. Briefs of applicants were submitted and on October 9, 1958, the commission made and entered its order No. 4955 in which it denied both applications. From this order both applicants appealed.

The commission based its denial of a certificate to either applicant on three grounds recited in its order, and summarized as follows:

(1) That the pipeline corporation does not intend to extend its line east from Kellogg; that neither applicant indicated to the commission that it was willing or able to construct such lateral; that the showings of economic feasibility made by the applicants were based on the assumption that the pipeline corporation would so extend its line; that 45% of the population in the area proposed to be served is located in the area east of Kellogg; that since that portion of the area will not be served by reason of the failure of the applicants to show that the pipeline will be extended, and neither applicant having made a showing of feasibility on the basis of the area limited to Kellogg and communities west thereof, the showings are therefore inadequate as a basis for a certificate of public convenience and necessity.

(2) That the estimates of customer attachments by the applicants, covering the first five years of operation, "are unrealistic and from our past experience would not be attained." The commission then refers to its experience in the case of In re Cascade Natural Gas Corporation, and the experience of the Washington Public Service Commission in the state of Washington in a case involving the Spokane Natural Gas Company, and concluded:

"We would not be acting in the public interest to grant a certificate based upon unrealistic estimates of customer development. This is particularly true here when it is recognized that these estimates were predicated upon serving several communities

which it is now apparent are to be excluded."

(3) That the rates proposed by Citizens Utilities would not produce the necessary revenue and would have to be increased before a full year's operation. In support of this conclusion, the commission again refers to its experience, and to the Spokane Natural Gas Company case, and the fact that "only about one-half of the proposed service area would receive natural gas without new plans and commitments for transmission facilities."

■ The commission denied petitions for rehearing by both applicants. The order denying the applications was made "without prejudice to the filing of new applications."

The attorney general contends that since the order was made without prejudice, it is an interlocutory order, not a final order, and therefore not appealable. The fact that the order was made without prejudice does not affect its finality; it concludes the rights of the parties in the present proceeding, is final, and appealable. Application of Lewiston Grain Growers, 69 Idaho 374, 207 P.2d 1028; Gagnon Co. v. Nevada Desert Inn, 45 Cal.2d 448, 289 P.2d 466; Evans v. Schlein, D.C.Mun.App., 51 A.2d 472; Passig v. Ossing, 51 Ohio App. 215, 200 N.E. 207; Federal Credit Co. v. Newman, 196 Miss. 463, 16 So.2d 153; United States v. City Savings Bank & Trust Co.,

6 Cir., 73 F.2d 486. See also, In re Arrow Transportation Co., 77 Idaho 523, 296 P.2d 459; I.C. § 61–632.

■ Primarily the commission's order is based on the information it received from the president of the pipeline corporation that it did not intend to extend its line east from Kellogg. Appellants urge that the evidence thus injected into the record by the commission is incompetent, hearsay, and that the commission did not regularly pursue its authority in basing its decision thereon. The public utility commission is a fact-finding, administrative agency and as such is not bound by the strict rules of evidence governing courts of law. Northern P. R. Co. v. Department of Public Works, 268 U.S. 39, 45 S.Ct. 412, 69 L.Ed. 836; I.C. § 61–601; Consolidated Edison Co. of New York v. N. L. R. B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126. However, its findings must be supported by substantial and competent evidence. State ex rel. Taylor v. Union Pac. Ry. Co., 60 Idaho 185, 89 P.2d 1005; Application of Pacific Tel. & Tel. Co., 71 Idaho 476, 233 P.2d 1024; Applications of Intermountain Gas Co., 77 Idaho 188, 289 P.2d 933; Pennsylvania Telephone Corp. v. Pennsylvania Public Utility Com'n, 153 Pa.Super. 316, 33 A.2d 765; Reconstruction Finance Corp. v. Lightsey, 4 Cir., 185 F.2d 167; Interstate Commerce Commission v. Louisville & N. R. Co., 227 U.S. 88, 33 S.Ct. 185, 57 L.Ed. 431; Ohio

Utilities Co. v. Public Utilities Com., 267 U.S. 359, 45 S.Ct. 259, 69 L.Ed. 656; Northern Pacific R. Co. v. Department of Public Works, 268 U.S. 39, 45 S.Ct. 412, 69 L.Ed. 836. It cannot make a finding based upon hearsay. In Carroll v. Knickerbocker Ice Co., 218 N.Y. 435, 113 N.E. 507; Willapoint Oysters v. Ewing, 9 Cir., 174 F.2d 676; Consolidated Edison Co. of New York v. N. L. R. B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126.

■ Appellants also complain of the action of the president of the commission in becoming a witness in the proceedings pending before him as a commissioner. A judge, ordinarily, should not be a witness in a case in which he is presiding. People v. McDermott, Sup., 40 N.Y.S.2d 456; Lepper v. United States, 4 Cir., 233 F. 227; Terrell v. United States, 4 Cir., 6 F.2d 498. The rule is not so strict in the case of administrative officers. Consolidated Edison Co. of New York v. N. L. R. B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126; Wigmore on Evidence, 3rd Ed., § 1805. In a case such as this, where a commissioner has personal knowledge of facts pertinent to the decision to be reached, or which he intends to consider in reaching a decision, it becomes his duty to place such facts in the record at a hearing where the parties affected thereby are afforded full opportunity to test the accuracy or applicability thereof and to counter or refute such evidence. VI Wigmore on Evidence, 3rd Ed., § 1805(2). In this case the commission did give the appellants an opportunity to offer further evidence, after considering the evidence presented by the commission staff. However, the evidence presented by the commissioner was hearsay, and the manner of its presentation afforded appellants no opportunity for cross-examination.

■ Appellants also assign as error the action of the commission in considering, and in part basing its order upon, its experience in other cases, and upon the experience of the Washington Public Service Commission. It is generally held that where the commission intends to consider and rely upon facts coming to its knowledge in other cases, such facts must be brought on the record in the pending proceedings in such manner that the parties affected thereby will be afforded an opportunity to test the accuracy, applicability, or relevancy of such facts, and to refute same, and that findings, based on evidence not in the record cannot be sustained. Olive Proration Program, etc. v. Agricultural Prorate Commission, 17 Cal.2d 204, 109 P.2d 918; Utah Power & Light Co. v. Public Service Commission, 107 Utah 155, 152 P.2d 542; Atchison, T. & S. F. Ry. Co. v. Commerce Commission, 335 Ill. 624, 167 N.E. 831; Rockwell Lime Co. v. Commerce Commission, 373 Ill. 309, 26 N.E.2d 99; Pullman Co. v. Illinois Commerce Commis-

sion, 390 Ill. 40, 60 N.E.2d 232; Northern States Power Co. v. Public Serv. Commission, 73 N.D. 211, 13 N.W.2d 779; McCarthy Stevedoring Corp. v. Norton, D.C., 40 F.Supp. 957; Erie R. Co. v. United States, D.C., 64 F.Supp. 162; Philadelphia Co. v. Securities and Exchange Comm., 84 U.S. App.D.C. 73, 175 F.2d 808; Baltimore & Ohio R. Co. v. United States, 264 U.S. 258, 44 S.Ct. 317, 68 L.Ed. 667; United States v. Abilene & S. R. Co., 265 U.S. 274, 44 S. Ct. 565, 68 L.Ed. 1016; Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 999, 82 L. Ed. 1129.

 A hearing at which the applicant is fully advised of the claims of the opposition and of the facts which may be weighed against him, and at which he is given full opportunity to test and refute such claims and such facts, and to present his side of the issues in relation thereto, is essential to due process. Allied Van Lines, Inc. v. Idaho Public Utilities Commission, 79 Idaho 220, 312 P.2d 1050; Philadelphia Co. v. Securities and Exchange Comm., 84 U.S.App.D.C. 73, 175 F.2d 808; Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 999, 82 L.Ed. 1129; Consolidated Edison Co. of New York v. N. L. R. B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126.

The attorney general calls attention to the rule-making power of the commission conferred by I.C. § 61–601, and the rule 9.20 of the Rules of Practice and Procedure adopted by the commission:

"9.20 *Official Notice.* The Commission may take official notice of the following matters:

"(a) Rules, regulations, official reports, decisions and orders of the Commission and any regulatory agency, state or federal.

"(b) Contents of decisions, orders, certificates and permits issued by the Commission.

"(c) Matters of common knowledge and technical or scientific facts of established character.

"(d) Official documents, if pertinent, when properly introduced into the record of formal proceedings by reference; provided, however, that proper and definite reference to such document shall be made by the party offering the same and that the same is published and generally circulated so that an opportunity shall be given to all of the parties of interest at the hearing to examine the same and present rebuttal evidence."

 Except as to facts referred to in subsection (c), this rule does not purport to authorize findings based on facts not in evidence. In any event the commission cannot by rule transcend the constitutional requirement of due process.

 As the commission noted in its order, it was without jurisdiction to resolve

the issue as to any asserted contractual obligation of the Pacific Northwest Pipeline Corporation to extend its line to the communities east of Kellogg. It is likewise beyond the authority of the commission to require proof of such binding contractual obligation as a condition precedent to the issuance of its permit. It is within the authority of the Federal Power Commission to require such extension and interconnection in a proper case. U.S.C.A. Title 15, § 717f(a). An applicant for such an interconnection is not considered by the Federal Power Commission to be a qualified applicant if it does not have a state certificate of authorization. In re Warwick Gas Corp., 11 F.P.C. 667. So, even though neither applicant has a binding contract with the pipeline corporation, requiring the necessary extension of its line, either applicant, upon a sufficient showing, may obtain such extension by order of the Federal Power Commission, but could not do so without first being certified by the state commission. The Wisconsin Public Service Commission recognized the necessity of prior local certification, as a condition precedent to action by the Federal Power Commission, in In re Wisconsin Southern Gas Co., 45 P.U.R.,N.S., 1942, 8, wherein it authorized a local gas utility to construct a main to the state line, effective upon the granting of authority to the pipeline company to supply the necessary gas.

In Application of Trans-Northwest Gas, 72 Idaho 215, 238 P.2d 1141, this court said:

"Even though the applicant might be required to secure a certificate of necessity from the Federal Power Commission to bring natural gas into the State, it does not follow that the application before the Commission is premature. In re Wisconsin Southern Gas Co., 45 P.U.R.,N.S., 1942, page 11." 72 Idaho at page 222, 238 P.2d at page 1145.

The commission was therefore in error in denying certification to either applicant on the ground that no showing was made that the pipeline corporation would extend its line and that neither applicant planned to construct such line.

■ The commission in its order did not determine the issues as between the two applicants, nor the relative merits of the showings made by them. That is a function of the commission. Such issues cannot be reviewed by this court until the commission has acted thereon. I.C. § 61–629; Constitution, art. 5, § 9.

The order appealed from is set aside and reversed, and the cause is remanded to the commission for further proceedings not inconsistent herewith.

SMITH, KNUDSON, McQUADE and McFADDEN, JJ., concur.