429 P.2d 394

Norman C. LODGE, Jr., William M. Lodge, Edward J. Lodge and Roland R. Lodge, Plaintiffs-Respondents,

v.

Roy L. MILLER, Robert A. Goodell, Harold R. Iverson, Gerald O. Talbot and John T. Ray, individually and as Board of Directors of the Black Canyon Irrigation District, Defendants-Appellants.

No. 9794.

Supreme Court of Idaho.

June 22, 1967.

Dunlap, Rettig & Rosenberry, Caldwell, Anderson, Kaufman & Anderson, Boise, for appellants.

Smith & Miller, Caldwell, for respondents.

TAYLOR, Chief Justice.

August 20, 1963, plaintiffs (respondents) petitioned the defendants (appellants) as the board of directors of the Black Canyon Irrigation District to exclude 8.46 acres of their lands from the district. The petition was filed pursuant to the provisions of I.C.,

Title 43, ch. 11, the pertinent provisions of which are as follows:

"43–1101. *Petition.*—Any person or persons owning land within any irrigation district and forming a part thereof may file with the board of directors of such irrigation district a petition in writing, duly verified, setting forth that such lands named in the petition are a part of such irrigation district and that the lands so described are too high to be watered from water owned and controlled by said irrigation district * * * or alleging in such petition that the lands described therein are not agricultural or farming land, and setting forth the character of such lands, and praying in such petition for the exclusion of the land or lands described from such irrigation district."

"43–1103. *Hearing on petition—Order of exclusion.*—* * *

"When the allegations of such petition are established, the board must make an order forthwith changing the boundaries of such district so as to exclude the lands described in such petition which the proof has established to be entitled to exclusion, and thereafter the lands so excluded shall not form a part of such irrigation district for any purpose except as hereinafter provided: provided, however, that the lands so ordered excluded shall not be relieved of their obligation to pay their proportionate share already created and existing of any bonded indebtedness of such irrigation district, and such lands shall remain a part of such irrigation district for the purpose of discharging such bonded indebtedness."

There was no outstanding bonded indebtedness against the lands within the district.

In their petition plaintiffs alleged that the land sought to be excluded was not agricultural or farming land, but that it was a gravel pit and not utilized for any other purpose. Plaintiffs' petition was submitted to the board of directors at its meeting on September 3, 1963. After hearing petitioners, the board found that the land sought to be excluded was not agricultural or farming land, and that because of the construction of the interstate highway across said land, it would be impossible for the district to supply water for the irrigation of the land. The petition was granted and the attorney for the district was directed to prepare an appropriate order for adoption by the board at its next regular meeting.

The petition was again considered at a meeting of the board November 5, 1963, at which time the board directed the attorney for the district to prepare and present to the board, at its December meeting, a resolution denying the petition. At its meeting on December 3, 1963, the petition was denied.

Upon appeal to the district court the issues were submitted upon the stipulation entered into by the parties and upon answers by the U.S. Commissioner of Reclamation to certain interrogatories. It was stipulated that the ditch, through which water had been delivered from a district canal to lands of the plaintiffs and one Harper, had been destroyed in the construction of interstate highway No. 80 across the easterly portion of plaintiffs' lands and that:

"* * * ever since the construction of such highway, it has been impossible for plaintiffs or defendants to transmit water from said weir of the District to the lands of plaintiffs without the construction of a siphon across the right of way of Interstate Highway No. 80, and that plaintiffs do not desire water for the irrigation of their said remaining lands, and that it is impracticable to construct such siphon across such right of way."

Prior to 1954 the irrigation district became a part of a reclamation project constructed by the United States government. Its lands are irrigated by means of water rights and irrigation works owned by the United States government. The water rights are exercised, and irrigation works

are operated, by the district pursuant to a contract entered into with the United States acting through the Secretary of the Interior. The contract was entered into by the district pursuant to authority of I.C. § 43–1803, which provides:

> "The board of directors of an irrigation district organized under the laws of the state of Idaho may enter into any obligation or contract with the United States for the construction, operation and maintenance of the necessary works for the delivery and distribution of water therefrom under the provisions of the federal reclamation act and all acts amendatory thereof or supplementary thereto and the rules and regulations established thereunder; or the board may contract with the United States for a water supply under any act of congress providing for or permitting such contract."

The contract, executed September 2, 1954, was ratified at an election held within the district, confirmed by decree of the district court, and is still in full force and effect. The provision of the contract applicable to the issues in this case, is as follows:

> "40. While this contract is in effect, no change shall be made in the District, either by inclusion or exclusion of lands, by partial or total consolidation or merger with another district, by proceedings to dissolve or otherwise, except with the consent of the Secretary evidenced in writing."

Idaho Code, Title 43, ch. 11, authorizing the exclusion of nonirrigable lands from an irrigation district, was first enacted in 1905, and amended in 1911. Idaho Code, § 43–1803, supra, authorizing irrigation districts to contract with the United States for the construction, operation and maintenance of irrigation works, was enacted in 1915. Defendants contend that the provisions of ch. 11 are in conflict with § 43–1803 of ch. 18, and that the latter section, having been enacted subsequent to ch. 11, is controlling [citing Little v. Nampa-Meridian Irrigation District, 82 Idaho 167,

350 P.2d 740 (1960)]; and that the board of directors of defendant district, having contracted with the United States pursuant to the authority of § 43–1803, may not be required to exclude nonirrigable lands from the district under the provisions of ch. 11.

The trial court held that § 43–1803 of ch. 18, was not necessarily in conflict with the provisions of ch. 11, but that the two statutes could be reconciled; that the board effectively excluded the land involved by the vote of its members on September 3, 1963, subject to the consent of the Secretary of the Interior. In its judgment the court reversed the order of the board of December 3, 1963, and directed the board to ask the Secretary of the Interior for consent to the exclusion of the land involved, and upon receipt of the decision of the Secretary of the Interior to enter its appropriate order in accordance therewith.

We agree with the trial court that when a petition is presented alleging the grounds for exclusion, detailed in § 43–1101, and when such grounds are established by proof, exclusion must be ordered by the board as required by § 43–1103.

■ The effect of I.C. § 43–1803, supra, and the contract entered into by the district with the United States under authority, thereof, was to modify the mandatory provisions of § 43–1103 by making the exclusion subject to the consent of the Secretary of the Interior. The exclusion was not made to depend upon the consent or discretion of the board of directors of the district.

In answer to interrogatories submitted by plaintiffs, the United States Commissioner of Reclamation, Floyd E. Dominy, testified that the Secretary of the Interior had delegated to him authority to act in the inclusion or exclusion of land within an irrigation district when the district is under contract with the United States government; that:

> "the inclusion or exclusion of lands within an Irrigation District, when there is

a contract in existence between the United States government and the Irrigation District, in the first instance, [is] a matter primarily between the landowner and the Irrigation District."

and:

"Interrogatory No. 4: Is it true that the Secretary of Interior will not give or withhold his consent pursuant to Section 40 of that particular Contract designated as Contract No. 14–06–W–70 between the United States government and Black Canyon Irrigation District entered into September 2, 1954, until the Irrigation District has first acted and then only if the District consents to the exclusion of the land?"

"Yes. The Secretary of the Interior takes no action with respect to the proposed exclusion of land under the circumstances described in the interrogatory until the matter has been presented to him by the District. A petition for exclusion is not presented to the Secretary unless the District recommends such exclusion."

By state law plaintiffs were given the right to have the land excluded. It therefore became the duty of the board to exclude the land to the extent that it could do so without violating the district's contract with the United States. Richerson v. State, 91 Idaho 555, 428 P.2d 61, June 13, 1967. The board should have ordered the exclusion, subject to the consent of the Secretary of the Interior, and submitted the petition, its finding that the land was nonirrigable and "not agricultural or farming land," and its order of exclusion, to the secretary with its recommendation that it be approved. See Application of Citizens Utilities Company, 82 Idaho 208, 351 P.2d 487 (1960), and Application of Trans-Northwest Gas, 72 Idaho 215, 238 P.2d 1141 (1951), as to the necessity or propriety of local ruling prior to action by a federal agency.

Defendants contend that the trial court erred in directing the board to seek the consent of the Secretary of the Interior, since such relief was not prayed for in plaintiffs' petition. The issue as to the effect of the contract provision requiring consent of the Secretary of the Interior was raised by defendants' answer, and was properly tried by the court.

The district court having jurisdiction both at law and in equity (Const. art. 5, §§ 1 and 20) will grant all proper relief consistent with the case made, and embraced with the issues tried, whether prayed for or not. I.C. § 10–704; Gem-Valley Ranches, Inc. v. Small, 90 Idaho 354, 411 P.2d 943 (1966) and cases cited therein; IRCP Rule 15(b).

Judgment affirmed.

Costs to respondents.

SMITH, McQUADE, McFADDEN and SPEAR, JJ., concur.