# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 238
### OHIO SAVINGS BANK CO. v. MARLEAU et al
Ohio Court of Appeals, Lucas County
No. 1265.   Jan. 15, 1923

CONTRACTS—(1) Novation; new notes not extinguishing old ones.

CHITTENDEN, J.:

Epitomized Opinion

The Ohio Savings Bank & Trust Company brought an action on various promissory notes. A corporation borrowed money of a bank and gave certain notes for the loan, secured by collateral, and the personal endorsement of two of the officers of the Marleau-Bucklen-Schoen Company. As the company could not pay these notes when they matured, the time was extended and new notes given. At the time these new notes were given a contract was entered into by the parties. Shortly afterwards the bank brought suit on the old notes against the indorsers. The defendants claimed that the contract was a novation and that the new notes were substituted for the old. The lower court held that the action was prematurely brought, and also held that there was no novation. The plaintiff bank prosecuted error. The Court of Appeals held:

1. That as the terms of the agreement showed that the new notes were not aken as a substitute, so as to extinguish the old notes, no novation had taken place.

2. That inasmuch as the contract specifically provided that the agreement should in no wise affect the rights of the holders of the original notes, those holders might sue at any time after the notes became due.

Attorneys—Tracy, Chapman & Welles, for Bank; L. J. Metzger and N. Boggs, for defendant.

No. 239
### RAY v. KACHENMEISTER
Ohio Court of Appeals, Lucas County
No. 1275.   Jan. 25, 1923

ATTORENY AND CLIENT—(1) Contingent fees —(2) Reviver of action; judgment—(1) Dismissal without prejudices.

KINKADE, J.:

Epitomized Opinion

The plaintiff, a lawyer, brought action against his client for attorney fees for having prosecuted a claim for personal injuries against a railroad. The lawyer claimed that he had an agreement with his client to receive for his services 50% of whatever amount should be collected. After a settlement was made, the client failed to pay the plaintiff. Later an amended petition was filed making the railroad company a party defendant. Finally a second amended petition was filed in which the death of the client was suggested and in which it was also claimed that the settlement was a transaction in the nature of a conspiracy between the client and railroad, intending to defeat a recovery of attorney fees. It also set upan agreement whereby the railroad promised the client to pay the plaintiff's fee. A motion was made to dismiss for the reason that the plaintiff had not revived the action in the name of the personal representative of the deceased client. As the motion was sustained, plaintiff appealed. The railroad immediately raised the question of the appealability of the case, claiming that it was an action at law. The Supreme Court held:

1. As the second amended petition set up a contract for the benefit of a third person, the cause of action stated therein was an action at law and was not appealable.

2. As the position of the railroad would not be benefited by a reviver, it was nto necessary for the plaintiff to revive the action in the name of the personal representative.

3. A judgment of dismissal without prejudice is a final order from which error can be prosecuted to another court.

Attorneys—A. F. Hanson and E. H. Ray, for plaintiff; Doyle & Lewis and R. Newbegin, for defendant.

No. 240
### SZO v. STATE
Ohio Court of Appeals, Montgomery County
No. 483.   Jan. 19, 1923

INTOXICATING LIQUORS—(1) Owner or keeper of place where whiskey is illegally sold is chargeable with the act of his employee—(2) Sale of whiskey and putting of money in cashdrawer by employe, raises presumption of regularity.

Epitomized Opinion

Error to Common Pleas Court of Montgomery County

BY THE COURT:

Andy Szo was convicted in municipal court of keeping a place where intoxicating liquors were illegally sold, and the conviction was affirmed in Common Pleas Court. The case was submitted on the transcript of evidence taken in the case of State v. Alice Szo, where it appeared that the illegal sale was made in the absence of Andy Szo, but that the bartender placed the money received in the cash register. Held by the Court of Appeals in affirming conviction:

1. The owner and keeper of a place where intoxicating liquors are sold is chargeable with the act of his employe, the bartender.

2. The illegal sale of whiskey by an employe and the placing of the money received in the cash register raises a sufficient presumption of regularity to indicate general authority of the bartender, and to call upon the employer for testimony.

Attorneys—W. S. Rhotelhamel, for Szo; H. E. Mau, Pros. L. L. Cecil J. A. White, E. M. Earhart and E. B. Jarvis, for State.

No. 241
### PUGH v. STATE
Ohio Court of Appeals, Cuyahoga County
No. 4634.   March 12, 1923

PRACTICE—Bill of exceptions deficient.

PER CURIAM:

Epitomized Opinion

Error to Cleveland Municipal Court

The record in this case is in such a condition that the Court of Appeals can do nothing but reverse the case because the bill of expections, as presented to us, approved and signed by the trial judge, purports to contain all the evidence introduced in the court below, and the same contains no evidence upon which to base a conviction. Judgment reversed and remanded to the Municipal Court.

Attorneys—V. J. Conrad, for Pugh; Lee E. Skeel, for State.