The judgment of the lower court in each case is affirmed.

*Judgments affirmed.*

LLOYD and CARPENTER, JJ., concur.

Judges LLOYD, OVERMYER and CARPENTER, of the Sixth Appellate District, sitting by designation in the First Appellate District.

PASSIG *v.* OSSING ET AL.

(Decided June 24, 1935.)

*Messrs. Paynter & Snow* and *Mr. Edwin E. Miller,* for plaintiff in error.
*Mr. Arthur P. Gustafson,* for defendants in error.

LEMERT, P. J. This action below was in the Court of Common Pleas of Cuyahoga county, Ohio, wherein plaintiff in error was plaintiff and defendants in error were defendants.

The plaintiff in error, in his petition, complains that there is error in this record, in this, to wit: (1) that said court erred in sustaining a motion of defendants in error to strike from the files the second amended petition of plaintiff in error, on the ground that said petition failed to state facts sufficient to constitute a cause of action against said defendants; (2) the finding, judgment and order of the court are contrary to law; (3) said court erred in dismissing the action of plaintiff in error and in entering judgment against plaintiff in error for the costs of defendants in error.

The second amended petition in the court below is as follows:

"Now comes the plaintiff, Paul Passig, and for his second amended petition, says that the defendants are and at all times hereinafter referred to, were husband and wife, and that the plaintiff is and at all times hereinafter mentioned, was the lawful wedded husband of one Jennette Passig and that he was living with,

supporting, consorting and cohabiting with his said wife, Jennette Passig.

"Your plaintiff further says that on or about the 14th day of March, 1933, his said wife, Jennette Passig, was hanging up the family washing in the back yard of the home on McKenzie Road, in the Village of North Olmsted, County of Cuyahoga and State of Ohio; that at that time a dog which was harbored by the defendants entered upon plaintiff's property and without warning attacked the wife of the plaintiff, and bit her in the calf of her right leg, thereby wounding her severely, causing pain and suffering, and a severe nervous shock, requiring the attendance and professional care of a physician for approximately one month.

"Plaintiff further says that because of said illness and nervous shock to his said wife, which was directly and proximately caused by said bite, he was deprived of her affection, society, companionship and consortium for approximately three months.

"Plaintiff further says that as a direct and proximate result of his being unlawfully deprived of the affection, society, companionship and consortium of his said wife, he has been damaged to the extent of Twenty Five Hundred Dollars ($2500.00).

"Your plaintiff further says that he also incurred certain expenses caused by the said illness and nervous shock suffered by his said wife, to-wit, doctor bills, nursing expense and the expense of a light housekeeper, to the amount of approximately One Hundred Fifty Dollars ($150.00).

"Second Cause of Action

"For his second cause of action your plaintiff incorporates herein all of the allegations set forth in the first cause of action above, as fully as though the same were herein rewritten, and further says that said defendants were negligent in harboring said dog with

reference to the above injuries in the following respects, to-wit:

"1. Said defendants permitted said dog to run at large upon the public highway and upon unenclosed land, and that no general permission, either by the township trustees or by the county commissioners had been granted for said dog to run at large, all contrary to Sec. 5809 of the General Code of Ohio.

"2. That said defendants did not muzzle said dog, nor did they make any effort to secure him, although they knew or should have known that said dog had vicious propensities.

"3. That said dog was at the time accompanied by the defendant, Amelia Ossing, and that said defendant, Amelia Ossing, made no effort to restrain said dog at the time or to keep him from biting the wife of said plaintiff.

"4. That said defendant, Amelia Ossing, brought said dog upon your plaintiff's premises, when she knew, or should have known that he might attack your plaintiff's wife.

"Your plaintiff further says that as a direct and proximate result of the aforesaid negligence, of said defendants, he suffered the injuries mentioned in the first cause of action.

"Wherefore, plaintiff prays judgment against defendants in the sum of Twenty Six Hundred Fifty Dollars ($2650.00) together with his costs herein."

Before proceeding to discuss the errors herein complained of, it is necessary to make disposition of a motion by defendants in error to dismiss the proceedings in error upon the ground that the court is without jurisdiction in the premises for the following reasons:

"1. No final order exists prejudicial to plaintiff in error in that the action in the trial court was dismissed by plaintiff without prejudice.

"2. The petition in error was filed more than sev-

enty days after the action of the trial court to which error is prosecuted by the plaintiff in error.

"3. Any error there may have been in the court's ruling was waived by plaintiff in error when plaintiff in error obtained a consent to plead after the action of the trial court upon which the complaint of error is based."

We observe from the record that on October 5, 1934, the Common Pleas Court dismissed plaintiff's action without prejudice at the cost of plaintiff, for which judgment was rendered. On November 14, 1934, still within the seventy-day limit fixed by statute, plaintiff filed his petition in error in the Court of Appeals. This cause comes into this court by reason of the construction of the provisions of Section 5838, General Code, which reads:

"A dog that chases, worries, injures or kills a sheep, lamb, goat, kid, domestic fowl, domestic animal or person, can be killed at any time or place; and, if in attempting to kill such dog running at large a person wounds it, he shall not be liable to prosecution under the penal laws which punish cruelty to animals. The owner or harborer of such dog shall be liable to a person damaged for the injury done."

The principal ground relied upon by defendants in error is that no final order of Common Pleas Court existed since the action was dismissed without prejudice. The record shows that the court below dismissed the action at its own instance without prejudice. This same contention was raised in the case of *Nyitray* v. *McAlonan*, 27 C. C. (N. S.), 545, 29 C. D., 183. That action was dismissed without prejudice and the court refused to dismiss the petition in error for that reason. In the case of *Egan* v. *New York, Chicago & St. Louis Ry. Co.*, 5 C. C. (N. S.), 482, 16 C. D., 616, the court used the following language:

"It has been intimated that perhaps this action of the court may not be reviewable by a proceeding in

error; but we are of the opinion that this order dismissing the action and adjudging the costs against the plaintiff, although the action was dismissed without prejudice, was such a final order under the statute upon the subject of proceedings in error as is reviewable on error.''

We therefore believe that this contention of the defendants in error is not well taken.

From an examination of the authorities submitted by both sides in this case, we are of the opinion that the motion to dismiss for want of jurisdiction should be and the same is hereby overruled.

Now, proceeding to the further consideration of this case there remains only one issue to be determined and that is whether the second amended petition states a cause of action. We have carefully read the second cause of action in second amended petition and when the second cause of action is carefully considered together with the first cause of action we are of the opinion that the second amended petition states a cause of action. Therefore we find that error intervened in this case and that the court below committed error when it dismissed plaintiff's second amended petition and rendered final judgment against him for costs.

It therefore follows that this cause is hereby reversed and remanded to the Common Pleas Court for further proceedings according to law.

*Judgment reversed and cause remanded.*

Montgomery and Sherick, JJ., concur.

Lemert, P. J., Montgomery and Sherick, JJ., of the Fifth Appellate District, sitting by designation in the Eighth Appellate District.