KARAM, APPELLANT, *v.* McELROY, APPELLEE.

(No. 7017—Decided August 7, 1962.)

*Mr. William J. Abraham, Mr. Edward D. Stanley* and *Mr. Richard T. Savage,* for appellant.
*Mr. Charles T. Kaps,* for appellee.

BRYANT, J. This proceeding was begun in the Court of Common Pleas of Franklin County, Ohio, by the filing of a petition in which Joseph D. Karam, appellant herein, was plaintiff, and Mark McElroy, appellee herein, was defendant, seeking compensatory damages in the amount of $400,000 and punitive damages of $100,000, or a total of $500,000 damages. Karam, who alleges he is an attorney-at-law and was an assistant attorney general and that McElroy was the Attorney General of Ohio, sets forth in his petition statements claimed to have been published in The Columbus Dispatch, a newspaper published in Co-

lumbus, Ohio, which he said quoted McElroy and irreparably injured his (plaintiff's) reputation.

In the court below, motions to strike several paragraphs from the petition were filed and the motions were sustained by the trial court which subsequently entered an order on its journal reading as follows:

"Plaintiff having respectfully advised the court that he does not wish to plead further and file an amended petition in this cause, it is therefore ordered by the court that plaintiff's petition be dismissed at plaintiff's cost, without prejudice.

"Exceptions saved to plaintiff."

Notice of appeal was filed, and the sole question before the court at this time arises under the motion filed on behalf of defendant to dismiss the appeal "for the reason that the same is premature and not filed from a final order or judgment as required by Section 2505.02 of the Revised Code of Ohio."

We are of the opinion that the motion to dismiss must be overruled. It is clear, of course, that if plaintiff had chosen to comply with the ruling of the trial court in light of the decision written by that court, he would have had to file an amended petition stating a cause of action in slander and abandoning entirely the original petition which sought to set forth a cause of action in libel. An examination of the record in this case discloses that a considerable portion of the petition was ordered stricken out by the sustaining of the several branches of the motions to strike.

In the case of *Grimm* v. *Modest* (1939), 135 Ohio St., 275, the two paragraphs of the syllabus are as follows:

"1. The substitution of an amended petition for an earlier one ordinarily constitutes an abandonment of the earlier pleading and a reliance upon the amended one.

"2. When a substantial part of a plaintiff's claim has been stricken from his petition he may elect to rely upon such petition and, upon dismissal of his cause by the court for refusal to amend, may have a review to determine the correctness of the trial court's action."

In course of the opinion by Weygandt, C. J., at page 277, there appears the following:

"* * * The plaintiffs had the right to elect to rely upon their original petition and have judgment entered against them in

order to ask the reviewing courts to determine at once whether the trial court was correct in striking out a substantial part of their claim. As stated in 2 Ohio Jurisprudence, 799, Section 683, 'it is * * * prejudicial error to strike from a pleading language which is material and proper to be averred.' It of course will not do to say to the plaintiffs that the order entered against them is final but not immediately and completely reviewable. If it is final it manifestly is subject to immediate review."

The *Modest case, supra,* was followed in the case of *Wery* v. *Seff* (1940), 136 Ohio St., 307, in which the first paragraph of the syllabus reads as follows:

"1. The action of a trial court in sustaining a demurrer to a petition on the ground of misjoinder and dismissing the petition, in an action against two persons as joint tort-feasors, is a final order affecting substantial rights, from which an appeal may be taken."

It is contended on behalf of defendant that the words, "without prejudice," prevent the order appealed from from being a final order. With this we are unable to agree. In the case of *Hoffman* v. *Knaus* (1952), 72 Ohio Law Abs., 389, the Court of Appeals for Franklin County, Ohio, decided as follows:

"This is a motion by the plaintiff-appellee seeking an order dismissing the appeal for the reason that the same is not a final order. The order referred to reads as follows:

" 'Motion to dismiss without prejudice to action in another court sustained. Petition and cross-petition dismissed. Costs of plaintiff.'

"The record reveals that the petition was captioned 'In the Common Pleas Court' but was filed in the Municipal Court of Columbus; that it was an action for damages in the sum of $10,075.00; that the defendant filed a cross-petition praying for damages in the sum of $10,000.00. It appears that upon the plaintiff's discovering his mistake of being in the wrong court as the amount sought exceeded the jurisdiction of the Municipal Court, a motion was filed to dismiss 'said action, without prejudice to action in another court, for want of jurisdiction.' It will be noted that the order dismissed not only the petition but also the cross-petition. This, we think, affected a substantial right of the defendant. The plaintiff was entitled under §11586 GC to a dismissal of his petition without prejudice, but

under §11587 GC the defendant had the right to proceed to trial if the court had jurisdiction of the subject matter of the cross-petition, and if not, it should have merely dismissed the cross-petition. In *Ohio Savings Bank* v. *Marleau et al.*, 1 Abs., 282, the court held,

" 'A judgment of dismissal without prejudice is a final order from which error can be prosecuted to another court.'

"See, also, *Passig* v. *Ossing*, 51 Ohio App., 215.

"We are of the opinion that the order appealed from is a final order as defined by §12223-2 GC. The motion will be overruled."

In the case of *Passig* v. *Ossing* (1935), 51 Ohio App., 215, the first paragraph of the syllabus is as follows:

"1. An order of a trial court dismissing, at its own instance, an action without prejudice and at the cost of plaintiff is a final order from which plaintiff may prosecute error proceedings."

For the reasons above set forth, in our opinion, the motion is not well taken and must be overruled with leave to the defendant to file his brief within rule.

*Motion overruled.*

Duffey, P. J., and Duffy, J., concur.

Duffey, P. J., concurring. I agree that the order is appealable. However, the question of whether such an order permits a determination of the merits of the ruling on the motion to strike is still open. A "dismissal" may or may not have the same effect as a judgment for the defendant.