Plaintiffs-appellants, Van-American Insurance Company and Clarendon National Insurance Company, appeal the July 20, 1997 decision of the Jefferson County Court of Common Pleas in favor of defendants-appellees, Pauline, Michael, Albert and Evamarie Schiappa and the Orlando C. Schiappa Trust, in which the trial court sustained appellees' motion to dismiss for failure to state a claim and dismissed appellants' complaint.
Appellants have also appealed the July 21, 1997 order of the trial court overruling appellants' motion for new trial which motion was filed on July 3, 1997. Because both notices of appeal were filed from the same common pleas case, this court by journal entry dated March 4, 1998 consolidated both matters for purposes of judicial economy.
Appellants are insurance companies providing coal mining reclamation bonds to coal operators. Sometime prior to 1994, appellants issued reclamation bonds to American Industries and Resources Corporation [hereinafter AIR Corp.] of which Orlando Schiappa was president. The bonds were to be issued to American Coals Corporation, a wholly owned subsidiary of AIR Corp, and were for an aggregate principal amount of $415,000. In connection with the issuance of the bonds, AIR Corp provided appellants with a general contract of indemnity executed by Orlando Schiappa personally, and in his capacity as President of AIR Corp. A guarantee was also executed in favor of appellants by AIR Corp and Orlando Schiappa personally.
On September 23, 1994, American Coals Corporation filed for voluntary bankruptcy in the United States Bankruptcy Court for the Northern District of West Virginia. Appellants then made a formal demand of Orlando Schiappa that, pursuant to the general contract of indemnity, he deposit with appellants the sum of $415,000. Orlando Schiappa did not comply with the request, and appellants filed a complaint in the Jefferson County Court of Common Pleas.
Orlando Schiappa died on May 30, 1995. Consequently, the executor of the estate of Orlando Schiappa was substituted as the party defendant. Thereafter, appellants and the estate reached an agreement whereby appellants would receive a judgment against the estate in the amount of $400,000, but would agree not to levy on any funds or property included within the probate estate, but instead would share pro rata with other claimants in the usual order of distribution.
Believing that during his lifetime Orlando Schiappa had transferred assets to appellees, thereby rendering his estate insolvent, on March 10, 1997 appellants filed the instant action under the Ohio Uniform Fraudulent Transfer Act, seeking to have the transfers voided. On May 7, 1997, appellees filed a motion to dismiss for failure to state a claim. Specifically, appellees claimed that appellants had not alleged fraud with sufficient particularity as required by Civ.R. 9(B). On June 20, 1997, the trial court issued a journal entry in which it ruled that appellants had failed to satisfy the specificity requirements of Civ.R. 9(B). Accordingly, the trial court dismissed the complaint without prejudice. Further, the trial court assessed costs against appellants and stamped the entry "final appealable order."
On July 3, 1997, appellants filed a document captioned "Motion for New Trial" but which was clearly a request for time to file an amended complaint. On July 21, 1997, the trial court overruled appellants' motion for new trial. The same day, appellants filed a timely notice of appeal to the June 20, 1997 order of the trial court dismissing the complaint (App. No. 97-JE-42). On August 12, 1997, appellants filed another timely notice of appeal, this time from the trial court's order of July 21, 1997 overruling appellants' motion for new trial (App. No. 97-JE-46). As already noted, the appeals were consolidated on March 4, 1998.
Subsequent to oral arguments heard in this matter, this court became aware of Ohio caselaw holding that the dismissal of a complaint without prejudice was not a final order subject to immediate review. Neither party having addressed this issue, and in order to afford substantial justice to both parties, this court, by journal entry dated January 22, 1999, granted the parties thirty days to submit supplemental memoranda on this issue. Both parties having filed their respective memoranda, we now address the jurisdictional question.
Appellants argue that the decision in Foree v. St. Luke'sHospital (May 6, 1993), Cuyahoga App. No. 62419, unreported, referred to by this court in its journal entry for its holding that an order dismissing a complaint without prejudice is not a final order, is in direct conflict with various Ohio and federal decisions. In support of this position, appellants cite to various Ohio and federal cases, all of which purport to hold that the dismissal of a complaint without prejudice is reviewable by this court. In addition, appellants contend that in the instant case they could not have amended their complaint because once the complaint was dismissed and costs awarded, the only resort available was to seek relief from the judgment or to file an appeal.
In response, appellees argue that pursuant to R.C. 2505.02, the dismissal of a complaint without prejudice is not a final determination of the rights of the parties, nor does it determine the action and prevent a judgment. Appellees note that appellants were free to commence another action against appellees without leave of court, and so were not without a remedy. In the instant case, appellees note that filing a motion for a new trial under Civ.R. 59 was both inappropriate and unnecessary. Accordingly, appellees urge this court to dismiss these appeals for lack of an order that is final and appealable.
Certainly a number of the cases cited by appellants appear at first glance to support their position. For example, inPassig v. Ossing (1935), 51 Ohio App. 215, the court of appeals for Cuyahoga County held in its syllabus that:
 "An order of a trial court dismissing, at its own instance, an action without prejudice and at the cost of plaintiff is a final order from which plaintiff may prosecute error."
In reaching its decision, the court relied on the case ofEgan v. New York, Chicago St. LouisRailway (1904), 5 Ohio C.C.(N.S.) 482, 483, wherein the Circuit Court of Huron County stated:
 "It has been intimated that perhaps this action of the court may not be reviewable by a proceeding in error; but we are of the opinion that this order dismissing the action and adjudging the costs against the plaintiff, although the action was dismissed without prejudice, was such a final order under the statute upon the subject of proceedings in error as is reviewable on error."
So, too, in Ray v. Kachenmeister (1923), 1 Ohio Law Abs. 282, the Lucas County Court of Appeals held that a judgment of dismissal without prejudice was a final order from which error could be prosecuted to another court.
However, we note that nearly all of the Ohio cases relied on by appellants were decided prior to July 1, 1970, the effective date of the Ohio Rules of Civil Procedure. In particular, Civ.R. 41 now governs the effect to be given to the dismissal of an action. Civ.R. 41(B)(3) provides that "any dismissal not provided for in this rule * * * operates as an adjudication upon the merits unless the court in its order ofdismissal otherwise specifies." (Emphasis added). In Tower CityProperties v. Cuyahoga Cty. Bd. Of Revision
(1990), 49 Ohio St.3d 67, 69, the Ohio Supreme Court stated:
 "Civ.R. 41 provides that voluntary or involuntary dismissal, depending upon the particular circumstances, may be with or without prejudice. If the dismissal is with prejudice, the dismissed action in effect has been adjudicated upon the merits, and an action based on or including the same claim may not be retried." (Emphasis sic.) (quoting Staff Note to Civ.R. 41)
A dismissal without prejudice is one otherwise than on the merits. See Chadwick v. Barba Lou, Inc. (1982), 69 Ohio St.2d 222,226. When a dismissal is otherwise than on the merits the parties are left in the same position as if plaintiffs had never commenced the action against them. See CentralMut. Ins. Co. v. Bradford-White Co. (1987), 35 Ohio App.3d 26,28.
Accordingly, we are compelled to find that in Appeal No. 97-JE-42, the order appealed from is not a final order which this court may review. In ruling so, we find support for our holding in various decisions from other appellate districts that have considered the issue. See, e.g., Foree, supra, ("appellants could still have obtained a judgment against defendants by refiling their lawsuit or amending their complaint."); Christian v. McFarland (June 20, 1997), Montgomery App. No. 15984, unreported, ("The dismissal of an action without prejudice is not a final appealable order.");Rhodes v. Miller (Nov. 15, 1996), Trumbull App. No. 95-T-5288, unreported, ("the courts of this state have consistently held that an appeal cannot be brought from a dismissal without prejudice because such a judgment is not an adjudication upon the merits of the action").
Appellants contend that their only recourse following the dismissal of their complaint was to seek to have the judgment set aside or to appeal the dismissal to this court. However, this position overlooks the fact that appellants could simply have filed a new complaint. The record indicates that rather than file a new complaint, appellants instead sought leave to amend the dismissed complaint. Because appellants were free to file a new complaint, the trial court's dismissal was not a final order that determined the action and prevented a judgment.
We are mindful that some Ohio courts, including the Ohio Supreme Court, have reversed trial court dismissals without prejudice when such dismissals were entered without notice to plaintiffs. See Stafford v. Hetman (June 4, 1998), Cuyahoga App. No. 72825, unreported, (discussing the confusion surrounding the finality issue). However, there is nothing in the record before this court to suggest that appellants' complaint was dismissed without notice to appellants, nor do appellants claim that they have been precluded from refiling their complaint.
We should prefer to reach the merits of this case, particularly where, as here, we believe the trial court's dismissal was partly in error. We agree with the court inStafford, supra, that reviewing dismissals without prejudice "may be desirable, since absent appellate review trial courts would have carte blanche in dismissing matters as long as they did so without prejudice." At least one court of appeals has reached the merits of such a dismissal by postulating that the applicable statute of limitations precluded the filing of a new complaint. See Widder Widder v. Kutnick (1996), 113 Ohio App.3d 616,621. However, the record in the instant case does not indicate whether or not appellants have refiled, or if the statute of limitations prevents them from so doing. In any event, inasmuch as dismissal of the instant appeal in effect affirms the decision of the trial court, we hold that the savings provisions of R.C. 2305.19 commence to run only upon the date of this court's order of dismissal. To hold otherwise would be to force appellants to risk losing the benefit of the savings statute in order to appeal the trial court's decision. See LaBarbera v. Batsch (1966),5 Ohio App.2d 151, reversed on other grounds, 10 Ohio St.2d 106.
Furthermore, once the trial court dismissed appellants' complaint it was without authority to grant leave to file an amended complaint within. Plummer v. Hose (1993), 83 Ohio App.3d 392,393. Indeed, appellants' motion for new trial, even if construed as a motion to amend, was in effect a nullity, as the trial court did not retain jurisdiction to consider it. As noted above, once the complaint was dismissed without prejudice, it was as if nothing had ever been filed.Bradford-White, supra. A dismissal without prejudice relieves the court of all jurisdiction over the matter and the action is treated as though it had never been commenced. Stafford,supra, at *1. In addition, an order of a trial court that is not a final, appealable order cannot be converted into a final appealable order simply by moving unsuccessfully for relief from that order. Christian, supra, at *1. Accordingly, we hold that the order appealed from in Appeal No. 97-JE-46 is not a final order subject to review by this court.
We hold that the dismissal of appellants' complaint and the overruling of appellants' motion for new trial are not final orders subject to review by this court pursuant to R.C.2505.02. Accordingly, this court is without jurisdiction to hear the matters presented, and these appeals must be, and hereby are, dismissed.
Costs taxed against appellant.
 ------------------------ JUDGE GENE DONOFRIO
 ------------------------ JUDGE EDWARD A. COX
 ------------------------ JUDGE JOSEPH J. VUKOVICH