DECISION
{¶ 1} In February 1998, appellee, S.O.S. Construction Industries, Inc. ("S.O.S."), filed a complaint against appellant, Columbus Metropolitan Housing Authority ("CMHA"), alleging a number of causes of action arising out of a demolition contract between the parties. Thereafter, this case developed a torturous procedural history; however, only the following facts are relevant to the issues in this appeal.
 {¶ 2} In April 1998, CMHA filed a motion for judgment on the pleadings as to S.O.S.'s claims for additional costs due to delayed work, unjust enrichment, and the right to foreclose a mechanic's lien filed against appellant's property. This motion was overruled March 12, 1999.
 {¶ 3} In May 1999, CMHA moved for summary judgment as to S.O.S.'s claims for breach of contract, punitive damages, damages resulting from delayed work, loss of profits, interference with contract, loss of salvage, and a lien S.O.S. had filed against the property. At the same time, S.O.S. filed a motion for summary judgment as to its claim for interference with contract, and for additional work performed on the contract.
 {¶ 4} In November 1999, the trial court granted CMHA's motion for summary judgment in part as to S.O.S.'s tort claims and punitive damages claim, but overruled the motion for summary judgment as to damages due to delayed work, lost profits, interference with a contract, loss of salvage, and the right to foreclose on a mechanic's lien. S.O.S.'s motion was overruled.
 {¶ 5} In February 2001, the court gave notice that the parties had settled and directed that an entry be prepared for the court's approval within 20 days. In its entry, the court stated that failure to do so could result in a dismissal for want of prosecution. Although the parties agree no settlement was ever reached, apparently no one informed the trial court of its error. In March 2001, the trial court dismissed the case without prejudice.
 {¶ 6} For reasons not clear based on the limited record before this court, the case was reinstated in August 2001. In October 2001, the court issued an entry ordering S.O.S. to show cause why its complaint should not be dismissed with prejudice, pursuant to Civ.R. 41(B), based on a failure to prosecute for over one year.
 {¶ 7} On May 15, 2002, the court filed an entry vacating the March 2001 dismissal without prejudice because S.O.S.'s counsel had not received the notice directing that an entry be prepared and again dismissed the matter for want of prosecution. Citing Sazima v. Chalko (1999), 86 Ohio St.3d 151, the trial court stated it was exercising its discretion to order the dismissal to be without prejudice.
 {¶ 8} Appellant filed a timely notice of appeal and sets forth the following assignments of error:
 {¶ 9} "1. The trial court erred in denying portions of Defendant Columbus Metropolitan Housing Authority's (CMHA's) motion for summary judgment.
 {¶ 10} "2. The trial court erred in denying Defendant CMHA's motion for judgment on the pleadings."
 {¶ 11} S.O.S. filed a motion to dismiss based on lack of a final appealable order, which was overruled. At oral argument, this court again raised the issue as to whether there was a final appealable order and provided the parties with an opportunity to brief the issue as to whether a trial court's interlocutory order survive a dismissal without prejudice so as to present a final appealable order. Appellant filed a supplemental brief which repeats many of the same arguments previously asserted. In addition, appellant urges this court to address the issue of whether the trial court abused its discretion in dismissing this matter without prejudice.
 {¶ 12} Section 3(B)(2), Article IV of the Ohio Constitution provides:
 {¶ 13} "(2) Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *."
 {¶ 14} Absent a final appealable order, this court lacks jurisdiction to review the merits of an appeal. Shimko v. Lobe (2002), Franklin App. No. 01AP-1113.
 {¶ 15} A final appealable order is defined in R.C. 2505.02(B) as:
 {¶ 16} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 17} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 18} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 19} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 20} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 21} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 22} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 23} "(5) An order that determines that an action may or may not be maintained as a class action."
 {¶ 24} A motion for summary judgment, as well as a motion for judgment on the pleadings, are interlocutory orders subject to reconsideration by the trial court at any time before final judgment is entered in the case. An order denying a motion for summary judgment or judgment on the pleadings is not reviewable until there is an appeal from an adverse judgment. State ex rel. Overmyer v. Walinski (1966),8 Ohio St.2d 23; Balson v. Dodds (1980), 62 Ohio St.2d 287, paragraph one of the syllabus.
 {¶ 25} Appellant argues that the dismissal without prejudice is a final appealable order making the rulings on the interlocutory orders contained therein appealable as well, and cites in support of this argument Svoboda v. Brunswick (1983), 6 Ohio St.3d 348; Springfield City School Support Personnel v. State Emp. Relations Bd. (1992),84 Ohio App.3d 294; McCann v. Lakewood (1994), 95 Ohio App.3d 226; Karam v. McElroy (1962), 116 Ohio App. 288; and Passig v. Ossing (1935),51 Ohio App. 215. For the reasons which follow, we find these cases do not support appellant's argument that a dismissal without prejudice in this case is a final appealable order.
 {¶ 26} In Svoboda, the trial court dismissed plaintiff's case without prejudice based on plaintiff's failure to obtain an attorney. Plaintiff then filed a motion for relief from judgment, pursuant to Civ.R. 60(B), which was overruled by the trial court. The issue before the Ohio Supreme Court was whether the court abused its discretion in denying Civ.R. 60(B) relief. The Supreme Court held that the trial court had no authority to dismiss an action based on the failure of a party to obtain legal counsel and, therefore, abused its discretion in overruling the motion for relief from judgment.
 {¶ 27} In Karam, plaintiff was ordered by the trial court to amend his complaint to state a cause of action for slander which would have resulted in abandonment of his cause of action for libel. Although the court's reasoning is somewhat unclear, it appears the appellate court found the trial court could not dictate what cause of action plaintiff could pursue and found an appeal by a party whose action was dismissed to be a final appealable order. Likewise, in Passing, the court found a party whose cause of action had been dismissed for failure to state a claim for relief had a right to appeal the dismissal, even though that dismissal was without prejudice.
 {¶ 28} Schmieg v. Ohio State Dept. of Human Serv. (Dec. 19, 2000), Franklin App. No. 00AP-561, Springfield and McCann were administrative appeals that had been dismissed without prejudice and the appeals were filed by the parties whose actions had been dismissed. Because the administrative appeals could not be timely re-filed, the courts concluded that the dismissals were final appealable orders.
 {¶ 29} In this instance, it is the defendant, not the plaintiff, who is seeking to appeal a dismissal without prejudice, and the cases cited by appellant are not applicable. While it may be inconvenient or expensive for appellant to relitigate these matters if this action is re-filed, there has been no adverse judgment rendered against appellant from which an appeal may be taken.
 {¶ 30} Although appellant has not assigned as error the trial court's failure to dismiss this action with prejudice, at oral argument appellant urged this court to address the issue. We decline to do so as many of the difficulties in this case are not properly attributable to appellee.
 {¶ 31} Therefore, for the foregoing reasons, appellee's motion to dismiss is sustained.
Appeal dismissed.
KLATT and McCORMAC, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution