{¶ 6} I respectfully dissent from the Majority Opinion and I understand why it has taken the position that a dismissal without prejudice is not a final, appealable order. I note in 1962 in Karam v.McElroy (1962), 116 Ohio App. 288, that the court held a dismissal without prejudice is a final, appealable order. Other courts have held the same. Passig v. Ossing (1935), 51 Ohio App. 215; Svoboda v.Brunswick (1983), 6 Ohio St.3d 348, McCann v. Lakewood (1994),95 Ohio App.3d 226. These cases are, on their facts, quite distinguishable from this case. However, I point them out to negate and dispell the notion that as a matter of law a blanket rule exists that a dismissal without prejudice is not reviewable by an appellate court and thus not a final, appealable order.
 {¶ 7} Accordingly, I would conclude that this is the ideal case to review the trial court's dismissal. The trial court's entry stated the following:
Defendants' motion to dismiss, filed 2/4/2004, is welltaken andgranted. The court finds that a circuit court in Florida first obtainedjurisdiction of this matter, with the right to adjudicate the parties'dispute. The court also finds that the claims in the second-filed Ohiosuit arises from the same transaction and occurrence, and involve thesame set of operative facts. Plaintiffs' claims can be brought ascompulsory counterclaims in the Florida action. Accordingly, defendants'motion to dismiss is granted. Therapy Partners of Am., v. HealthProviders, Inc. (1998), 129 Ohio App.3d 572.
 {¶ 8} It is unquestionable in this case that both Ohio and Florida have subject matter and personal jurisdiction over this case. The only reason for the dismissal of the Ohio case was judicial convenience and propriety as evidenced by the trial court's entry.
 {¶ 9} Dismissal of a matter because of concurrent jurisdiction between Ohio and a sister state as a matter of law is incorrect. In Carlin v.Mambuca (1994), 96 Ohio App.3d 500 which involved a similar set of facts, this court held that the trial court has two options when faced with concurrent jurisdiction of a matter pending in Ohio and a sister state. The trial court may proceed or stay the matter pending resolution in the sister state, but, it may not dismiss the Ohio action, citingHoppel v. Greater Iowa Corp. (1980), 68 Ohio App.2d 209.
 {¶ 10} Other courts have held the same. In Commercial Union Ins. v.Wheeling Pittsburg Corp. (1995), 106 Ohio App.3d 477, the court held in order to avoid duplicity and in the interest of comity, the trial court in its discretion may stay the matter pending resolution in the sister state.
 {¶ 11} Nevertheless, the trial court in this case sought to resolve this matter under Ohio's "rule of priority of jurisdiction," and thereby dismissed the Ohio case. In Hoppel v. Greater Iowa Corp., we held the Ohio "rule of priority of jurisdiction" applies to actions pending in different Ohio courts that have concurrent jurisdiction; it does not apply to an action pending in a sister state. Id. 210. Ultimately, courts have concluded the rule of priority is a rule of jurisdiction and not one of judicial convenience and propriety. Long v. Grill (2003),155 Ohio App.3d 135.
 {¶ 12} Consequently, I would have reversed and remanded this case and ordered the trial court to proceed or stay the matter until the Florida case was resolved. I reach this conclusion because both Florida and Ohio have jurisdiction over this matter, and the trial court should not be allowed to avoid this fact by dismissing the case without prejudice.